**IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS**
**STATE OF MISSOURI**

John Gaffigan, individually and on behalf of all others similarly situated,

Plaintiff,

v.

AT&T Mobility, LLC,
a Delaware limited liability company,
**SERVE: CT CORPORATION**
**120 S. CENTRAL**
**CLAYTON, MO 63105**

Defendant

) Cause No. 1022-CC00504

) Division: 5

2010 JAN 28 PM 4:44
CASHIER
CLERK
RECEIVED
CIRCUIT CLERKS OFFICE

**CLASS ACTION PETITION**

Plaintiff John Gaffigan ("Plaintiff), on behalf of himself and all others similarly situated, hereby brings this class action suit against AT&T Mobility, LLC ("Defendant"). Plaintiff makes the following allegations based upon personal knowledge, where applicable, and upon information and belief, and the investigation and research of Plaintiff's counsel:

**INTRODUCTION**

1. This is a class action lawsuit brought by Plaintiff, individually and on behalf of all persons and entities from whom Defendant AT&T Mobility, LLC collected sales taxes based on the sale in Missouri of Internet access through a smart phone or a wireless data card (the proposed "Class"). As discussed more fully herein, Missouri revenue law is clear that no sales tax is owed on sales of access to the Internet.

2. Plaintiff, individually and on behalf of the Class, seeks restitution of the amounts unlawfully collected, injunctive relief and a constructive trust.

## PARTIES, JURISDICTION AND VENUE

3. Plaintiff John Gaffigan ("Plaintiff") is resident of the State of Missouri. Plaintiff is a customer of Defendant and has purchased a wireless data plan for access to the internet by a radio device. Further, Plaintiff has been charged by Defendant for purported Missouri State and local sales tax based on his purchase of the wireless data plan from Defendant and has paid such purported sales tax to Defendant.

4. Defendant AT&T Mobility, LLC ("Defendant") is a limited liability company organized and existing under the laws of the State of Delaware and is authorized to do business in Missouri. Defendant AT&T Mobility, LLC maintains its principal place of business at 5565 Glenridge Connector, Glenridge Two, Atlanta, Georgia 30342.

5. Venue is proper in this Court pursuant to RSMo. §508.010.

6. The Court has jurisdiction over the parties and subject matter in this cause because of all Plaintiff and the Class' claims are based on State law and because Plaintiff is a resident of this State and Defendant conducts substantial business in this State and has sufficient minimum contacts with the State of Missouri.

## FACTS COMMON TO ALL COUNTS

7. Defendant sells wireless data plans to consumers by contract on a monthly payment plan. The purchase of a wireless data plan permits purchasers of the plan to obtain access to the internet remotely either on a computer or on a so-called smart phone such as an I-Phone, a Blackberry, or a similar device.

8. Where access is by computer only, Defendant charges a monthly fee for the use of a data card. The data card permits its user to connect a computer to the Internet wirelessly through

a radio device embedded in the computer or through a device that connects to the computer through a PCMCIA card or USB port. The data card does not transmit voice or pictures independently of the Internet.

9. Where Defendant's wireless data plans are sold to owners of smart phones, Defendant bills for Internet access with a separate line item on the monthly bill. Generally speaking, the plans cost consumers $30 per month. Plaintiff has such a plan and pays charges totaling approximately $30 per month to Defendant.

10. For certain kinds of access, Defendant charges owners of smart phones $45 or more per month for Internet access. These plans permit users to access dedicated email servers through the Internet.

11. Section 144.020.1(4), RSMo, imposes:

> (4) A tax equivalent to four percent on the basic rate paid or charged on all sales of local and long distance telecommunications service to telecommunications subscribers and to others through equipment of telecommunications subscribers for the transmission of messages and conversations and upon the sale, rental or leasing of all equipment or services pertaining or incidental thereto; except that, the payment made by telecommunications subscribers or others, pursuant to section 144.060, and any amounts paid for access to the Internet or interactive computer services shall not be considered as amounts paid for telecommunications services;

12. Section 144.010(13), RSMo, defines "telecommunications services" to exclude charges for Internet access from sales tax.

> (13) "Telecommunications service", for the purpose of this chapter, the transmission of information by wire, radio, optical cable, coaxial cable, electronic impulses, or other similar means. As used in this definition, "information" means knowledge or intelligence represented by any form of writing, signs, signals, pictures, sounds, or any other symbols. Telecommunications service does not include the following if such services are separately stated on the customer's bill or on records of the seller maintained in the ordinary course of business:
>
> (a) Access to the Internet, access to interactive computer services or

electronic publishing services, except the amount paid for the telecommunications service used to provide such access;

13. Defendant states the charges for Internet access as a separate charge on its bills to customers.

14. Section 144.140, RSMo permits a seller who collects sales tax to "deduct and retain an amount equal to 2%" of the sales tax remitted for its own use.

15. Section 144.190, RSMo allows a seller to request a refund from the Missouri Department of Revenue for improperly or erroneously remitted sales taxes plus interest thereon or allows the improperly or erroneously remitted sales taxes plus interest thereon to be applied as a credit against other sales taxes owed by a seller to the Missouri Department of Revenue.

16. Despite the prohibition on taxation of Internet access under Missouri law, Defendant improperly, erroneously and unlawfully charges its Missouri customers state and local sales tax on Internet access on its monthly bills.

## CLASS ACTION ALLEGATIONS

17. Plaintiff brings this action on behalf of a Class consisting of all persons and entities from whom Defendant AT&T Mobility, LLC collected sales taxes based on the sale in Missouri of Internet access through a smart phone or a wireless data card (the proposed "Class").

18. Plaintiff is a member of the Class which he seeks to represent.

19. Upon information and belief, the Class consists of thousands of individuals and therefore is so numerous that joinder is impracticable.

20. Plaintiff's claims are typical of the claims of the Class because he and all members of the class have sustained damages as a result of Defendant charging of sales tax for Internet access.

21. There are numerous questions of law and fact common to the Class which predominate over

any questions affecting only individual class members, including but not limited to the following:

a. whether Defendant charged Plaintiff and the Class sales tax on Internet access in violation of the Missouri sales tax law;

b. whether Defendant has been unjustly enriched by its retention of a portion of the sales tax as permitted by Missouri law;

c. whether Defendant remitted the sales tax collected to the Missouri Department of Revenue, and if so, whether that results in Defendant being unjustly enriched;

d. if Defendant remitted all or a portion of the sales tax it collected to the Missouri Department of revenue, then is Defendant unjustly enriched by the refund and credit provisions of Missouri sales tax law;

e. Whether Defendant should be enjoined from collecting sales tax on Internet access.

f. Whether Defendant should be required to seek a refund of sales taxes remitted to the Missouri Department of Revenue and to return any tax refund to Plaintiff and members of the Class;

g. Whether the Court should impose a constructive trust over any sales tax collected but not remitted by Defendant or over any sales taxes refunded to Defendant by the Missouri Department of Revenue.

22. All common questions are able to be resolved through the same factual occurrences as specifically and/or generally alleged herein.

23. Plaintiff will fairly and adequately represent and protect the interests of the members of the Class. Plaintiff has no claims antagonistic to those of the Class. Plaintiff has retained

competent and experienced counsel in complex class.

24. The prosecution of separate actions by Plaintiff and individual members of the Class against Defendant would create a risk of inconsistent or varying adjudications on the common issues of law and fact related to this action.

25. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy. This issues presented in this case are common to all class members. The expense and burden of litigation would substantially impair the ability of the Class members to pursue individual cases to protect their rights. In the absence of a class action, Defendant will retain the benefits of its wrongdoing and may continue to collect sales tax improperly.

26. Class certification under Rule 52.08(b)(1) is appropriate because adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications.

27. Class certification under Rule 52.08(b)(2) is appropriate because Defendant has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole in that Defendant has refused to cease collecting sales tax for Internet access.

28. Class certification under Rule 52.08(b)(3) is appropriate because the common issues of fact and law alleged herein are common to the Class and predominate over any questions affecting only individual members, thereby rendering the class action superior to all other available methods for the fair and efficient adjudication of this controversy.

29. Class certification is also appropriate because Defendant has acted and/or refused to act on grounds generally applicable to Plaintiff and the Class, thereby warranting appropriate

injunctive and/or declaratory relief.

**COUNT I**
**(Unjust Enrichment)**

30. Plaintiff hereby incorporates and adopts by reference all previous allegation in this Petition as if fully set forth herein.

31. Defendant's uniform and systematic conduct of charging and collecting from its customers sales tax on Internet access, as more fully described herein, was unlawful in that the State of Missouri revenue laws do not require sales tax to be paid on said items.

32. In unlawfully collecting sales tax on Internet access, a benefit was conferred on Defendant by Plaintiff and the Class. Defendant appreciated the benefit conferred. Acceptance and retention of the benefit by Defendant would render that retention inequitable and a windfall to Defendant at the expense of Plaintiff and the Class.

33. Defendant's uniform and systematic conduct, as more fully described herein, directly and proximately caused damage to Plaintiff and the Class in the amount of sales tax which was unlawfully collected, plus interest thereon.

34. It would be unfair, inequitable and unjust if the amount, plus interest thereon, of the sales tax which was unlawfully collected from Plaintiff and the Class were not returned to Plaintiff and the Class.

**<u>COUNT II</u>**
**(Injunctive Relief)**

35. Plaintiff hereby incorporates and adopts by reference all previous allegations in this Petition as if fully set forth herein.

36. It would be unfair, inequitable and unjust to allow Defendant to unlawfully collect sales tax

on the purchase price of Internet access sold in the State of Missouri.

37. An order prohibiting Defendant from engaging in said conduct, as more fully described herein, is needed to avoid immediate and irreparable injury to Plaintiff and the Class.

38. In addition, pursuant to Missouri revenue laws, as set forth above, Defendant is allowed to seek a refund, plus interest thereon, from the Missouri Department of Revenue for all or a part of the sales taxes which it unlawfully collected from Plaintiff and the Class.

39. The monies collected by Defendant rightfully belong to its customers who paid the purported sales tax to Defendant.

40. This Court should compel Defendant to properly apply to the Missouri Department of Revenue for all of the unlawfully collected sales taxes it remitted, plus interest thereon, to the maximum extent permitted by law.

41. Equity requires that Plaintiff and the Class be made whole, and that concern is not outweighed by the slight burden on Defendant of filing proper sales tax refund applications with the Missouri Department of Revenue.

**COUNT III**
**(Constructive Trust)**

42. Plaintiff hereby incorporates and adopts by reference all previous allegations in this Petition as if fully set forth herein.

43. It would be unfair, inequitable and unjust if the unlawfully collected sales tax moneys were not returned to Plaintiff and the Class.

44. This Court should order that a constructive trust be imposed in favor of Plaintiff and the Class on all said moneys refunded to Defendant by the Missouri Department of Revenue as

it would be unfair, inequitable, and unjust to allow the Defendant to retain said moneys.

45. This Court should also order that a constructive trust be imposed in favor of Plaintiff and the Class on any moneys Defendant has collected or will collect as sales tax on Internet access which Defendant has not remitted to the Missouri Department of Revenue, as it would be unfair, inequitable, and unjust to allow the Defendant to retain said monies.

46. A constructive trust would preserve and protect the aforesaid monies pending final resolution of this matter.

**PRAYER FOR RELIEF**

WHEREFORE Plaintiff, individually and on behalf of all others similarly situated, prays for judgment against Defendant, and for:

A. An Order certifying the Plaintiff Class and appointing Plaintiff and his counsel to represent the Plaintiff Class;

B. Restitution, actual and compensatory damages, plus interest thereon;

C. The costs and disbursements incurred in connection with this action and reasonable attorneys' fees;

D. An injunction against Defendant prohibiting it from collecting from its customers sales tax on Internet access purchased in Missouri;

E. An order compelling Defendant to apply to the Missouri Department of Revenue for refunds of the unlawfully collected sales tax, plus interest thereon, to the maximum extent permitted by law;

F. A constructive trust in favor of Plaintiff and the Class on all sales tax monies refunded by the Missouri Department of Revenue to Defendant and on any moneys Defendant

has collected or will collect as sales tax on Internet access which Defendant has not remitted to the Missouri Department of Revenue; and

G. Such other and further relief as the court deems just and proper.

Respectfully submitted,

Joseph V. Neill #28472
5201 Hampton Avenue
St. Louis, Missouri 63109
(314) 353-1001
Fax: (314) 353-0181

John S. Steward #45932
Steward Law Firm, LLC
5201 Hampton Avenue
St. Louis, Missouri 63109
(314) 353-1001
Fax: (314) 353-0181

ATTORNEYS FOR PLAINTIFF